IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ZACHERY TYLER CONNER,<br>     Plaintiff, | )<br>)<br>) Civil Action No. 7:23-cv-00061 |
| v. | )<br>)<br>) By: Elizabeth K. Dillon |
| HENRY COUNTY SHERIFF'S OFFICE,<br>*et al.*,<br>     Defendants. | )     United States District Judge<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Zachery Tyler Conner, an inmate now in the custody of the Virginia Department of Corrections and proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. His complaint arises from events that occurred while he was housed at the Henry County Adult Detention Center ("HCADC"). His complaint names as defendants the Henry County Sheriff's Office, HCADC, Henry County Sheriff L.A. Perry, and five deputies who worked at HCADC—K. Compton, J. Hunt, M. Shumate, H. Jesse, and D. Smith.

The case is before the court for review pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the court concludes that Conner has failed to state a claim for which relief can be granted, and his claims must be dismissed. Because it is possible that Conner—with additional factual matter—may be able to state a claim that he was unconstitutionally denied access to the courts, the court will give Conner an opportunity to file an amended complaint within thirty days asserting only that claim, should he so choose.

I.   BACKGROUND

It is unclear to the court exactly what claims Conner is asserting in his complaint, and he does not reference any particular constitutional amendment and does not title his claims. He lists eight claims, but all appear to be based on his primary allegation that he was denied access to the

facility's "tablet" on certain dates, which prevented him from having access to his mail and the law library, both of which can only be accessed through the tablet. He describes his claims as follows:

> Claim 1: On October 31, 2022, defendant Deputy K. Compton sent an email to other deputies at HCADC in which she states that Conner should be restricted from access to the jail tablets "permanently." She did so for unspecified "punishment reasons";
>
> Claim 2: On four dates the next month (November 8, 11, 12, and 13), defendant Deputy J. Hunt "is on [camera] . . . restricting [Conner] from accessing his mail and law library" by carrying the tablets out of the pod before Conner's recreation time started;
>
> Claim 3: On November 10, Conner reported the denial of his tablet access to 1st Lt. M. Shumate, who "did nothing to restore [Conner's] access until [Conner] put in a grievance form, stating he was being subjected to corporal punishment." Twelve days after submitting the grievance, his access "to mail and [the] law library were fully restored";
>
> Claim 4: Sheriff Perry "hired incompetent and untrained officers" which "led to a conflict" and caused Conner to file this complaint;
>
> Claims 5 & 6: Deputies H. Jesse and D. Smith "enforced the orders of Deputy Compton" restricting Conner from the tablet "permanently" on November 4 and November 9; and
>
> Claims 7 & 8: HCADC is where these events occurred, is the workplace of the defendant deputies; and the Henry County Sheriff's Office employees the defendant deputies.

(Compl. 3–5, Dkt. No. 1.)

Elsewhere in the complaint, Conner states again that his grievance resulted in his rights being restored and that he is now able to access his mail and the law library. (*Id.* at 2.) He nonetheless seeks $5 million in damages and asks that the officers named in his complaint be fired from their jobs. (*Id.* at 6.)

The court construes Conner's complaint as asserting two separate claims pursuant to 42 U.S.C. § 1983: (1) a claim that his First Amendment right to access the courts was violated when

2

he was denied law library access on those limited dates in November 2022; and (2) a claim that his First Amendment rights were violated by being denied access to his mail on those limited dates in November 2022. He also seeks to impose liability on the Sheriff under a negligent hiring and negligent training theory, under either § 1983 or Virginia law. And he asserts claims against the "Henry County Sheriff's Office" and "HCADC" based on the deputies being employed by the former and physically working at the latter. As discussed next, though, he has failed to state a claim on which relief can be granted, and his complaint will be dismissed.

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Conner's complaint, the court concludes that it fails to state a claim for which relief can be granted. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**A. First Amendment Claim Alleging Denial of Access to Courts**

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). As for his access-to-courts claim, Conner has not plausibly alleged sufficient facts to support a claim that he was denied access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351–53 (1996) (discussing the right generally).

A plaintiff's right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, in order to state a constitutional claim of denial of access to the courts, a plaintiff must allege facts showing that the challenged action has actually "hindered his efforts to pursue" a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351.

Specifically, the plaintiff must identify in his complaint a "nonfrivolous," "arguable" legal claim, along with the potential remedy that claim sought to recover, that was lost as a result of the defendant's alleged interference with the plaintiff's right of access. *Christopher*, 536 U.S. at 415–16 (quoting *Lewis*, 518 U.S. at 353). Put differently, the cause of action in the underlying action, "whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* at 415.

Conner's pleading does not meet that standard. First of all, he does not identify any case or any legal claim that he was pursuing for which he needed law library access. The only impact he alleges is that, for a limited time in November 2022, he was not able to check his mail or use the law library "to work on [his] appeal case that [he] was trying to start." (Compl. 4.) He does not specify whether the appeal was from a civil or criminal case, nor does he otherwise specify the nature of any such case or the claims being pursued. Moreover, he does not cite to any particular court or case number that could assist in identifying any such case. Lastly, he does not

allege that he lost his right to appeal or that any appeal or other case was dismissed as a result of his lack of access.

Absent that information, Conner has failed to identify a "nonfrivolous," "arguable" legal claim that he lost, and his First Amendment claim must be dismissed. *See Christopher*, 536 U.S. at 415–16. Accordingly, any First Amendment claim that he was denied access to the courts fails based on his current allegations.

Because the court believes that Conner may be able to state such a claim with additional factual information, however, and in light of his status as a *pro se* litigant, the court will dismiss this claim without prejudice and give him an opportunity to file an amended complaint to correct the noted deficiencies, should he choose to do so.

B. First Amendment Claim Alleging Interference with Mail

With regard to Conner's claim that he was denied access to his mail, interference with an inmate's mail *may* state a cognizable claim under § 1983. The Supreme Court has recognized that prisoners have protected First Amendment interests both in sending and in receiving mail. *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987). In addition to his access to *legal* mail, a prisoner's receipt of non-legal mail also implicates First Amendment rights. *See Woolfork v. Chesapeake Mail Clerk*, No. 1:09CV198 AJT/TCB, 2009 WL 7024994, at *1 (E.D. Va. Apr. 15, 2009) (recognizing same), *aff'd*, 332 F. App'x 71 (4th Cir. 2009). Thus, it is possible for a prisoner to state a First Amendment claim based on interference with non-legal mail. *See, e.g.*, *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir.1987) (allegations that prison officials "repeatedly and intentionally withheld otherwise unobjectionable materials from ever reaching" plaintiff held to state a First Amendment claim).

5

> Nonetheless, courts
>> uniformly recognize that a relatively isolated or short-term disruption of a prisoner's receipt of his mail, legal or otherwise, does not rise to the level of a constitutional deprivation. *White v. White*, 886 F.2d 721, 724 (4th Cir.1989) (§ 1983 complaint dismissed as frivolous where prisoner's allegations of disruption in his attempts to mail legal correspondence were "speculative" and included no claim of actual injury); *see also Sizemore*, 829 F.2d at 612 (even "persistent" short-term delays in prisoners' receipt of mail do not raise constitutional concerns); *Rose v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (relatively short-term and sporadic delays in prisoner's receipt of nonlegal mail did not violate his First Amendment or due process rights); *Langlois v. Dane Co. Sheriff's Office*, 2008 WL 4722993 at *1 (W.D. Wis. Oct. 23, 2008) (single ten-day delay in prisoner's receipt of personal mail "too brief to violate the First Amendment"); *Harksen v. Braxton*, No. 7:04-cv-00243, 2004 WL 5645580 at *2 (W.D. Va. Nov. 9, 2004) (prison's retention of outgoing non-legal mail for 30 days did not "pose an atypical hardship in relation to ordinary incidents of prison life" and hence did not state a cause of action under § 1983) . . . ."

*Woolfork*, 2009 WL 7024994, at *1; *see also Blake v. Stepp*, No. 3:20-CV-00178, 2020 WL 2950411, at *2 (S.D.W. Va. Apr. 30, 2020) (collecting authority for same proposition), *report and recommendation adopted,* No. CV 3:20-0178, 2020 WL 2945556 (S.D.W. Va. June 3, 2020)

Here, Conner's own complaint makes clear that, although he was denied access to his mail for a period of time in November 2022, his access was ultimately "fully restored." (Compl. 4.) The first date he states he was unable to access the tablet was November 8, 2022, and he states that his access was fully restored 12 days after filing his November 10 grievance, or on November 22. (*Id.*) Thus, he alleges that he was denied access to his mail only for a period of two weeks. Like some of the cases cited above, then, such a short-term delay does not rise to the level of a constitutional claim.

Notably, moreover, Conner does not allege that, once he obtained access, he was unable to obtain any of the mail received during that two-week period. He does not allege, for example,

6

that any of his mail was permanently deleted or destroyed such that he was unable to view it, once he received full access to the tablet. Thus, his allegations are essentially that he suffered a delay of about two weeks in receipt of his mail. He also fails to allege any actual injury as a result of the delayed mail. Consistent with the authority cited above, then, his allegations fail to state a constitutional violation.

### C. Claims Against HCADC, the "Henry County Sheriff's Office," and Sheriff Perry

Conner's claims against some defendants are also subject to dismissal because those entities are not proper defendants to this § 1983 action. First of all, because HCADC is not a legal entity, it is not a "person" subject to suit under § 1983, and Conner cannot maintain this action against a jail. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) (explaining that a jail "is not an individual, a corporation, a partnership, or an unincorporated association" and "lacks the capacity to be sued").

Similarly, with regard to the defendant listed as the "Henry County Sheriff's Office," no legal entity with that name exists. Virginia authorizes and identifies the duties of a sheriff and his deputies, but there is no legal entity called the "Sheriff's Office." *Cf.* Va. Code Ann. §§ 15.2-1609, 15.2-1609.1. Thus, that defendant likewise cannot be sued under § 1983. *See Revene v. Charles Ct. Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989) (explaining that a sheriff's office is "not a cognizable legal entity separate from the Sheriff in his official capacity" and cannot be sued under § 1983).

With regard to Sheriff Perry, a sheriff in Virginia is an "arm of the State" for purposes of the Eleventh Amendment and is entitled to Eleventh Amendment immunity from suit. *Bland v. Roberts*, 730 F.3d 368, 390–91 (4th Cir. 2013); *see also Cadmus v. Williamson*, No. 5:15-cv-045, 2016 WL 1047087, at *4–*5 (W.D. Va. Mar. 10, 2016) (dismissing with

7

prejudice claims for money damages against the sheriff in his official capacity). "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Thus, to the extent Conner's § 1983 claims seek money damages against the sheriff in his official capacity, any such claims are subject to dismissal.

Further, to the extent Conner seeks to impose liability on Sheriff Perry simply because he is a supervisor with authority over the jail or because he was responsible for the hiring of the deputies, he has failed to allege facts to establish supervisory liability. *See Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (discussing the elements necessary to establish supervisory liability under § 1983); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (same).

Additionally, a section 1983 negligent hiring or negligent training claim fails where there is no underlying constitutional violation. *Huggins v. Weider*, 105 F. App'x 503 (4th Cir. 2004); *see also Young v. City of Mount Ranier*, 238 F.3d 567, 579 (4th Cir. 2001) ("[A] section 1983 failure-to-train claim cannot be maintained against a governmental employer in a case where there is no underlying constitutional violation by the employee."). And here, as already discussed, Conner's allegations do not state a viable constitutional violation.

Lastly, to the extent the negligent hiring or training claim is brought under Virginia law, rather than as part of a § 1983 claim, the Fourth Circuit has held that Virginia law requires the threat of serious and significant physical injury to state such a claim. *Wolf v. Fauquier Cnty. Bd. of Supervisors*, 555 F.3d 311, 320 (4th Cir. 2009). Where, like here, there is no allegation of physical injury or a risk of serious physical injury, the claim fails as a matter of law. *See id.*; *Ali v. Coleman*, No. 1:12-cv-560, 2013 WL 4040444, at *2–3 (E.D. Va. Aug. 6, 2013) (dismissing negligent hiring and negligent retention claims where there was no allegation that plaintiff suffered any physical harm or that the hiring of a particular employee would create a risk of

physical harm to anyone).  See also *Elrod v. Busch Ent. Corp.*, No. 4:09CV164, 2011 WL 13192913, at *3 & n.5 (E.D. Va. Dec. 1, 2011), *aff'd,* 479 F. App'x 550 (4th Cir. 2012) (summarizing cases on issue—including two Virginia circuit court decisions that disagreed with the physical injury requirement set forth in *Wolf*—but concluding that plaintiffs asserting such claims under Virginia law must allege a physical injury or, at the very least, clear and convincing evidence of a physical manifestation of emotional distress).  Thus, if intended to be a state-law claim of negligent hiring or training, his claim against Sheriff Perry likewise fails to state a claim.

### III.  CONCLUSION

For the foregoing reasons, the court will summarily dismiss Conner's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.  In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state a plausible claim that he was denied access to the courts, the court will dismiss without prejudice and allow him an opportunity to file an amended complaint asserting only that claim, if he so chooses.

An appropriate order will be entered.

Entered: April 20, 2023.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge